# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK W. DOBRONSKI, an
Individual,

    Plaintiff,

v.

ALARM MANAGEMENT II, L.L.C.
d/b/a SONITROL GREAT LAKES, a
Michigan limited liability company,

    Defendant.

Civil Action No.  2:18-cv-11055

Honorable Marianne O. Battani

Magistrate Judge Stephanie Dawkins Davis

_____/

| | |
|---|---|
| Mark W. Dobronski | David M. Cessante (P58796) |
| Plaintiff *In Propria Persona* | Brian D. Shekell (P75327) |
| Post Office Box 85547 | CLARK HILL PLC |
| Westland, Michigan 48185-0547 | Attorneys for Defendant |
| (734) 330-9671 | 500 Woodward Avenue, Suite 3500 |
| | Detroit, Michigan 48226 |
| | (313) 965-8300 |
| | Email: dcessante@clarkhill.com |
| |          bshekell@clarkhill.com |

_____/

## SONITROL GREAT LAKES' MOTION FOR SANCTIONS PURSUANT TO RULE 11

Defendant Alarm Management II, LLC d/b/a Sonitrol Great Lakes moves this Court, pursuant to Fed. R. Civ. P. 11(c), for an order of sanctions against Plaintiff Mark W. Dobronski ("Plaintiff" or "Dobronski") for initiating and maintaining a frivolous and legally deficient lawsuit. In support of its Motion, Sonitrol Great Lakes states:

1.  On March 21, 2018, Plaintiff filed a five-count First Amended Complaint against Sonitrol Great Lakes in the 14-A District Court of the State of Michigan. *[Ex. A]*. Plaintiff's First Amended Complaint alleges claims under the Telephone Consumer Protection Act of 1991 ("TCPA"), *47 U.S.C. 227, et seq.* (Counts I, III, and V) and Michigan Home Solicitation Sales Act ("MHSA"), *MCL 445.111, et seq.* (Counts II and IV).

2.  On April 2, 2018, Sonitrol Great Lakes filed a Notice of Removal, removing this action from the 14-A District Court of the State of Michigan, to the United States District Court for the Eastern District of Michigan. The basis of Sonitrol Great Lakes' removal was that this Court has original jurisdiction under *28 U.S.C. § 1331*, since the Amended Complaint involves a federal question arising under the TCPA.

3.  Sonitrol Great Lakes is a Michigan-based company that provides a wide array of security services, from access control to surveillance cameras. During the relevant time period, Sonitrol Great Lakes engaged EAM Staffing

1

Solutions, LLC ("EAM") to provide telemarketing services for prospective commercial clients.

4.     The entire factual basis for Plaintiff's lawsuit is that on or about October 25, 2017 and November 1, 2017, two telephone calls were allegedly made by Sonitrol Great Lakes to Plaintiff's residential phone numbers, which he claims are listed on the National Do Not Call Registry. *[Ex. A at ¶¶ 8, 13, 20]*. Plaintiff alternatively asserts that the phone calls were placed to a "telephone number which is an emergency telephone line for a law enforcement agency and which is assigned to a radio common service carrier." *[Id. at ¶¶15, 22]*. Plaintiff identifies these telephone numbers as (734) 424-1212 and (734) 424-2424. *[Id. at ¶ 8]*. These allegations are knowingly and demonstrably <u>false</u>.

5.     Neither Sonitrol Great Lakes nor EAM placed any calls to (734) 424-1212 and (734) 424-2424 on the dates in question or at any other times.

6.     Rather, as established by audio recordings and telephone call logs, the complained-of calls that form the basis of Plaintiff's Amended Complaint were made to a commercial business, Teletech Inc. ("Teletech"), at (734) 641-2300. An Annual Report filed with the State of Michigan by Teletech in 2018 identifies the company as a for-profit corporation that is in the business of "telecommunications engineering and antenna site management." *[Ex. B]*. The Annual Report lists Susan

2

Dobronski as Teletech's President. Upon information and belief, Ms. Dobronski is also Plaintiff's wife.

7. On or about October 25, 2017, EAM representative, Tino Rossi, placed a phone call to Teletech at (734) 641-2300 with the intent of speaking to Ms. Dobronski. The individual who answered the call stated "Good afternoon, A&B Railroad, how may I help you?" Upon information and belief, Teletech and A&B Railroad are commercial businesses that share the same telephone number.

8. On November 1, 2017, Rossi placed a second call to Teletech at (734) 641-2300. The individual who answered the phone again began the call by stating "Good morning, A&B Railroad." Rossi asked to speak with Susan Dobronski, but was transferred to another individual who identified himself as "Stan," Susan Dobronski's "executive administrative assistant." Upon information and belief, "Stan" is actually Plaintiff Mark Dobronski.

9. The irrefutable evidence shows that neither Sonitrol Great Lakes nor EAM placed a call to Plaintiff's residential phone numbers or any "telephone number which is an emergency telephone line for a law enforcement agency and which is assigned to a radio common service carrier" on or about October 25, 2017 and November 1, 2017. There is no legal basis for Plaintiff's claims.

10. Plaintiff's Amended Complaint violates Rule 11 because: (i) the claims in his Amended Complaint are not warranted by existing law or by a non-

frivolous argument for establishing new law; and (ii) the factual contentions in the Amended Complaint have no evidentiary support. In fact, the evidence establishes that Plaintiff has intentionally misled the Court by asserting knowingly false allegations.

11. Plaintiff's fraud upon this Court is compounded by the fact that when responding to Sonitrol Great Lakes' discovery requests, Plaintiff produced a partial recording of the November 1, 2017 telephone call. This partial recording omits the portion of the call during which (i) the individual who answered the phone stated, "Good morning, A&B Railroad," and (ii) Rossi asked to speak with Susan Dobronski. The partial recording also does not contain the portion of the call during which Rossi was transferred to "Stan."

12. On June 19, 2018, defense counsel sent Plaintiff a Rule 11 letter and a copy of this Motion. These documents outlined the frivolous nature of the Amended Complaint and requested that Plaintiff dismiss the lawsuit and reimburse Sonitrol Great Lakes for the unnecessary attorney fees and costs it has been forced to incur.

13. As required under Rule 11(c)(2), defense counsel served Plaintiff with this Motion on June 19, 2018, which was more than 21 days before the Motion was presented to this Court.

WHEREFORE, Sonitrol Great Lakes requests that the Court award it appropriate sanctions, including dismissal of the Amended Complaint with prejudice, and an award of costs and attorney fees, pursuant to Fed. R. Civ. P. 11(c) and Local Rule 11.1.

                                          Respectfully submitted,

                                          */s/ David M. Cessante*
                                          David M. Cessante (P58796)
                                          Brian D. Shekell (P75327)
                                          CLARK HILL PLC
Date: July 11, 2018                      Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI, an
Individual,

      Plaintiff,

v.

ALARM MANAGEMENT II, L.L.C.
d/b/a SONITROL GREAT LAKES, a
Michigan limited liability company,

      Defendant.
_____/

Civil Action No.  2:18-cv-11055

Honorable Marianne O. Battani

Magistrate Judge Stephanie Dawkins Davis

Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 85547
Westland, Michigan 48185-0547
(734) 330-9671

David M. Cessante (P58796)
Brian D. Shekell (P75327)
CLARK HILL PLC
Attorneys for Defendant
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
Email: dcessante@clarkhill.com
         bshekell@clarkhill.com

_____/

## BRIEF IN SUPPORT OF SONITROL GREAT LAKES' MOTION FOR SANCTIONS PURSUANT TO RULE 11

# **STATEMENT OF ISSUE PRESENTED**

Whether Plaintiff should be sanctioned under Rule 11 for filing this lawsuit where there is no evidentiary support or legal basis for his contention that Sonitrol Great Lakes violated the Telephone Consumer Protection Act or Michigan Home Solicitation Act.

Sonitrol Great Lakes says "yes"

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Rule 11

*King v. IB Property Holdings Acquisition*, 635 F.Supp.2d 651 (E.D. Mich. 2009)

# RELEVANT BACKGROUND

### A.   SONITROL GREAT LAKES

Sonitrol Great Lakes is a Michigan-based company that provides a wide array of security services, from access control to surveillance cameras. During the relevant time period, Sonitrol Great Lakes engaged EAM Staffing Solutions, LLC ("EAM") to provide telemarketing services for prospective commercial clients.

### B.   PLAINTIFF'S AMENDED COMPLAINT

On March 21, 2018, Plaintiff Mark Dobronski filed a five-count First Amended Complaint against Sonitrol Great Lakes in the 14-A District Court of the State of Michigan.  *[Ex. A]*.  Plaintiff's First Amended Complaint alleges claims under the Telephone Consumer Protection Act of 1991 ("TCPA"), *47 U.S.C. 227, et seq.* (Counts I, III, and V) and Michigan Home Solicitation Sales Act ("MHSA"), *MCL 445.111, et seq.* (Counts II and IV).  On April 2, 2018, Sonitrol Great Lakes timely removed this action to the United States District Court for the Eastern District of Michigan.

The entire factual basis for Plaintiff's lawsuit is that two telephone calls were made by Sonitrol Great Lakes to his residential phone number(s), which he claims are listed on the National Do Not Call Registry. *[Ex. A at ¶¶ 8, 13, 20]*. Plaintiff asserts that these calls were made on or about October 25, 2017 and November 1, 2017. *[Id. at ¶¶ 13, 20]*.  Plaintiff alternatively asserts that the phone

1

calls were placed to a "telephone number which is an emergency telephone line for a law enforcement agency and which is assigned to a radio common service carrier." *[Id. at ¶¶15, 22]*. Plaintiff identifies these telephone numbers as (734) 424-1212 and (734) 424-2424. *[Id. at ¶ 8]*.

### C. THE SUBJECT CALLS WERE MADE TO A COMMERCIAL BUSINESS

Plaintiff's claims are knowingly false. No calls were made to (734) 424-1212 or (734) 424-2424 by Sonitrol Great Lakes or EAM. Rather, audio recordings from the complained-of telephone calls and a call log maintained by EAM clearly establish that the phone calls were made to a commercial business, Teletech Inc. ("Teletech") at (734) 641-2300. *[Exs. C, D]*. Teletech is a for-profit corporation that is in the business of "telecommunications engineering and antenna site management." *[Ex. B]*. Its 2018 Annual Report filed with the State of Michigan lists Susan Dobronski as its President. *[Id.]*. Plaintiff is listed as Teletech's Treasurer. *[Id.]*.

#### 1. OCTOBER 2017 CALL

On or about October 25, 2017, EAM representative, Tino Rossi, placed a phone call to Teletech at (734) 641-2300. *[Exs. C, D]*. The individual who answered the phone stated "Good afternoon, A&B Railroad, how may I help you?" *[Ex. D]*. Rossi asked if the number he dialed was for Teletech, and was told that "we're also Teletech." *[Id.]*. Rossi then asked to speak with Teletech's President,

2

Susan Dobronski. *[Id.]*. Rossi was advised that Susan Dobronski was not available. *[Id.]*. He then left a message with his name and phone number. *[Id.]*. The call then ended.

Upon information and belief, Teletech and A&B Railroad are commercial businesses that share the same telephone number.[1] The 2017 Profit Corporation Annual Report filed by Adrian & Blissfield Railroad Company describes the Company as a "Class III Railroad Common Carrier." *[Ex. E]*. The Report identifies Plaintiff as its President and Susan Dobronski as its Secretary and Treasurer. *[Id.]*. A&B Railroad is also listed as having the same registered address as Teletech. *[Id.]*.

### 2. NOVEMBER 1, 2017 CALL

On November 1, 2017, Rossi placed a second call to Teletech at (734) 641-2300. *[Ex. D]*. The individual who answered the phone again began the call by stating "Good morning, A&B Railroad." Rossi asked to speak with Susan Dobronski but was transferred to another individual who identified himself to Rossi as "Stan," and claimed to by Ms. Dobronski's "executive administrative assistant." *[Id.]*. Upon information and belief, "Stan" is actually Plaintiff Mark Dobronski.

---

[1] See http://www.abrailroad.com/contact-us and https://www.yellowpages.com/westland-mi/mip/teletech-inc-20953997?lid=20953997 *[Ex. F]*.

"Stan" then asked Rossi if he was trying to call Susan Dobronski at home. *[Id.]*. Rossi replied that he was not. *[Id.]*. Despite Rossi's clear statement, "Stan" continued to press Rossi for a false admission that he was trying to contact Susan at her home. *[Id.]*. Stan concludes the call by stating that he will give Susan the message. *[Id.]*.

The irrefutable evidence clearly establishes that the phone calls on October 25, 2017 and November 1, 2017 were made to Teletech, a for-profit corporation that provides "telecommunications engineering and antenna site management." *[Ex. B]*. Neither Sonitrol Great Lakes nor EAM placed a call to Plaintiff's residential phone numbers or any "telephone number which is an emergency telephone line for a law enforcement agency and which is assigned to a radio common service carrier."

Plaintiff intentionally misrepresents the factual allegations in his Amended Complaint. There is no evidentiary support for his claim that Sonitrol Great Lakes violated the TCPA or MHSA.

D. **PLAINTIFF'S DISCOVERY RESPONSES**

On June 14, 2018, Plaintiff served defense counsel with Plaintiff's Responses To Defendant's First Discovery Requests to Plaintiff. As part of his responses, Plaintiff produced a CD containing an audio recording of the aforementioned November 1, 2017 call. The recording omits material portions of

the call. Specifically, the recording omits the portion of the call (i) during which the individual who answered the phone stated, "Good morning, A&B Railroad," (ii) during which Rossi asked to speak with Susan Dobronski, and (iii) during which Rossi was transferred to "Stan." *[Ex. G]*. In short, the recording Plaintiff produced omits the portion of the November 1 call showing that it was made to a commercial entity. Plaintiff's production of a partial recording of the November 1 call is yet another attempt to mislead this Court and further demonstrates the frivolous nature of this lawsuit.

## LEGAL ARGUMENT

### A. RULE 11 LEGAL STANDARD

Rule 11(b) states that "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an unrepresented party … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if

specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ….." *Fed. R. Civ. P. 11(b)*.

Rule 11 "'stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed.'" *Shirvell v. Gordon*, 602 Fed. Appx. 601, 604-605 (6th Cir. 2015), quoting *Merritt v. Int'l Ass'n of Machinists & Aero. Workers*, 613 F.3d 609, 626 (6th Cir. 2010). "[T]he reasonable inquiry under Rule 11 is not a one-time obligation." *Merritt v. Int'l Ass'n of Machinists & Aero. Workers*, 613 F.3d 609, 626 (6th Cir. 2010). Rather, the Rule imposes upon a party "a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform with Rule 11." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335-336 (6th Cir., 1988); *see also: Bond v. U. S. Manufacturing Corp.*, 2011 U. S. Dist. LEXIS 33030, at *13-*14 (E. D. Mich. 2011).

Rule 11(c) states that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Fed. R. Civ. P. 11(c)*.

In *King v. IB Property Holdings Acquisition*, 635 F.Supp.2d 651 (E.D. Mich. 2009), the court emphasized that a party proceeding *pro se* must abide by Rule 11's requirements and that dismissal is an appropriate sanction for a *pro se* party's intentional misrepresentations. The court stated:

6

> Pro se plaintiffs are not exempt from Rule 11 sanctions simply because they are not represented by counsel. *Graham v. Liberty Mut. Ins. Co.*, 2009 WL 1034942, *4 (E.D.Tenn.2009), citing, *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 564, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) ("Requiring pro se litigants to make the Rule 11 certification ensures that, in each case, at least one person has taken responsibility for inquiry into the relevant facts and law."); see also *Kaye v. Acme Investments, Inc.*, 2008 WL 4482304, *1 (E.D.Mich.2008) ("Pro se litigants must comply with Rule 11 no less than attorneys, and must make a reasonable inquiry as to whether the pleading in question is well-grounded in fact and warranted by existing law."). The primary purpose of Rule 11 sanctions is to deter future conduct of a like nature. *Kaye*, at *1. <u>Notably, a plaintiff's intentional misrepresentation on the record is serious misconduct warranting dismissal as a sanction</u>. *Amadasu v. General Revenue Corp.*, 2008 WL 207936, *5 (S.D. Ohio 2008).

*Id.* at 661 (emphasis added).

Applying this standard, the *King* court sanctioned the pro se plaintiff for filing a complaint that was not "well-grounded in fact" and was an "intentional misrepresentation." 635 F. Supp. 2d at 661-62. There, the plaintiff filed a complaint asserting that his legal rights were violated as the holder of a mortgage debt as a result of the defendants proceeding with a collection activity and initiating a foreclosure proceeding. *Id.* at 654, 661. In his response to the defendants' motion to dismiss, the plaintiff admitted that his father was the real party in interest. *Id.* at 661.

7

The court found that "[n]othing in plaintiff's complaint suggests he is anyone other than the holder of the mortgage debt that is the subject matter of the complaint." *Id.* Accordingly, "plaintiff violated Rule 11 because his complaint was not 'well-grounded in fact' and constitutes an intentional misrepresentation of the critical fact that he was not the mortgage debtor and that his father was, in fact, the debtor." *Id.* at 662. The magistrate judge recommended that the plaintiff's complaint be dismissed as a sanction for violating Rule 11. *Id.*

**B.     PLAINTIFF VIOLATED RULE 11 BY MISREPRESENTING THAT SONITROL GREAT LAKES CALLED HIM AT HIS RESIDENTIAL PHONE NUMBER(S) OR TO AN EMERGENCY PHONE LINE(S)**

There is no evidentiary or legal support for the allegations that form the very basis of Plaintiff's lawsuit. In fact, the statements in Plaintiff's Amended Complaint are demonstrably false, even though Plaintiff certified they were true to the best of his "knowledge, information, and belief." *See Fed. R. Civ. P. 11(b)*. These material misrepresentations include:

1. Sonitrol Great Lakes "initiated a telephone solicitation *to Plaintiff* for the purpose of encouraging the purchase or rental of a home security system." *[Ex. A at ¶¶ 13, 20, emphasis added]*. The calls were initiated to Teletech. *[Exs. C, D]*. Rossi also asked to speak with Susan Dobronski, not Plaintiff. *[Ex. D]*.

2. Sonitrol Great Lakes called Plaintiff at (734) 424-1212 and (734) 424-2424. *[Ex. A at ¶¶ 14, 18, 21, 25, 27]*. Call logs and audio recordings establish that the initiating phone calls were placed to Teletech at (734) 641-2300, where the individual answered the phone as "A&B Railroad," which shares the same telephone number as Teletech. *[Exs. C, D, F]*.

8

> 3. The complained-of calls "were made to a telephone number which is [] an emergency telephone line for a law enforcement agency and which is assigned to a radio common carrier." *[Ex. A at ¶¶ 15, 22]*. Plaintiff claims that the calls were placed to "residential numbers." *[Id. at ¶ 8]*. Both of these cannot be true. This, alone, demonstrates that Plaintiff's allegations are false.
>
> In addition, the calls were made to Teletech at (734) 641-2300. *[Exs. C, D]*. Teletech describes its business as providing "telecommunications engineering and antenna site management." *[Ex. B]*. It is frivolous for Plaintiff to claim that this phone number is assigned to a law enforcement agency. See 47 U.S.C. 227(b)(1)(A)(3) (defining emergency telephone line to include "any '911' line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency").

Plaintiff's fraud upon this Court is compounded by his discovery responses, which include a partial recording of the November 1 call that omits the portion of the call showing it was made to a commercial entity and was transferred to another person purporting to be "Stan."

Based on these material misrepresentations, Plaintiff cannot prove his legal claims. Neither Sonitrol Great Lakes nor EAM placed a call on or about October 25, 2017 and November 1, 2017 to a "residential phone number" or to a "telephone number which is [] an emergency telephone line for a law enforcement agency and which is assigned to a radio common carrier." This precludes Plaintiff from prevailing on his claims under the TCPA and MHSA as a matter of law. *[See generally, Ex. A, Counts I-V]*.

9

More importantly, for purpose of this Motion, Plaintiff's misrepresentations should result in sanctions.  Plaintiff's entire Amended Complaint is premised on intentional misrepresentations. His conduct is sanctionable under Rule 11.  As in *King, supra*, Plaintiff's Amended Complaint should be dismissed with prejudice. Sonitrol Great Lakes should also be awarded its attorney fees and costs it has incurred in responding to such a frivolous lawsuit.

## CONCLUSION

For the reasons stated above, Sonitrol Great lakes requests that the Court award it appropriate sanctions, including dismissal of the Amended Complaint with prejudice and costs and attorney fees to Sonitrol Great Lakes, pursuant to Rule 11(c) and Local Rule 11.1.

    Respectfully submitted,

*/s/ David M. Cessante*
David M. Cessante (P58796)
Brian D. Shekell (P75327)
CLARK HILL PLC
Attorneys for Defendant

Date: July 11, 2018