

FILED USDC - DI
2018 JUL 12 PM 12:54

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARK W. DOBRONSKI, an
Individual,

        Plaintiff,

v.

ALARM MANAGEMENT II, L.L.C.
d/b/a SONITROL GREAT LAKES, a
Michigan limited liability company,

        Defendant.

Civil Action No.  2:18-CV-11055

Honorable Marianne O. Battani

Magistrate Judge Stephanie Dawkins Davis

_____/

Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 85547
Westland, Michigan 48185-0547
(734) 330-9671
Email: MarkDobronski@yahoo.com

David M. Cessante (P58796)
Brian D. Shekell (P75327)
CLARK HILL PLC
Attorneys for Defendant
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3485
(313) 965-8300
Email: dcessante@clarkhill.com
      bshekell@clarkhill.com

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11

Plaintiff Mark W. Dobronski respectfully submits this response in opposition to Defendant Sonitrol Great Lakes' Motion for Sanctions Pursuant to Rule 11 ("Motion").

### PRELIMINARY STATEMENT

1. This is a matter which was commenced in the small claims division of the 14-A District Court of the State of Michigan, which Defendant has turned into the proverbial federal case by removing the case from the state court to the federal court.

2. This matter arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Michigan Home Solicitation Sales Act ("MHSA"), M.C.L. § 445.111, *et seq.*

3. Defendant has filed its Motion and argues that the Court should award Defendant "appropriate sanctions, including dismissal of the Amended Complaint with prejudice, and an award of costs and attorney fees, pursuant to Fed. R. Civ. P. 11(c) and Local Rule 11.1" because the "irrefutable evidence shows that neither Sonitrol Great Lakes nor EAM placed a call to Plaintiff's residential phone numbers or any 'telephone number which is an emergency telephone line for a law enforcement agency and which is assigned to a radio common service carrier *(sic)*' on or about October 25, 2017 and November 1, 2017." *[Motion, at ¶ 9].*

## ARGUMENT

### Defendant's Motion is Premised on Its Own False and Misleading Statements

4. Defendant's arguments are baseless speculation, unsubstantiated by any record evidence, let alone "irrefutable evidence" as claimed by Defendant. Indeed, as will be shown herein, the facts do refute Defendant's unsubstantiated allegations.

5. Taking Defendant at its word, Defendant asserts in its Motion that Defendant made unsolicited telemarketing calls to telephone number (734) 641-2300 on October 25, 2017 and November 1, 2017. *[Motion, at ¶¶ 6-8].*

6. 47 U.S.C. § 227(b)(1)(A)(i) prohibits telephone solicitations "... to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement

- 2 -

agency)".   47 U.S.C. § 227(b)(1)(A)(iii) prohibits telephone solicitations "... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call".

7.  In point of fact, telephone number (734) 641-2300 is assigned to Adrian & Blissfield Rail Road Company, an interstate railroad common carrier.  See Exhibit 1.

8.  Adrian & Blissfield Rail Road Company operates a police department, which department if recognized by both the State of Michigan Commission on Law Enforcement Standards ("MCOLES") and the United States Department of Justice, Federal Bureau of Investigation ("FBI") as a law enforcement agency.  See Exhibit 2.  Adrian & Blissfield Rail Road Company employes rail police officers pursuant to M.C.L. § 462.367, which rail polcie offices have national interstate authority pursuant to 49 U.S.C. § 28101.  As Exhibit 2 also shows, the telephone number for the Adrian & Blissfield Rail Road police department is (734) 641-2300.

9.  The fact that Adrian & Blissfield Rail Road Company employs rail police officers and is a recognized as a law enforcement agency should come as no surprise to Defendant, inasmuch as Defendant's counsel, Clark Hill PLC, also is legal counsel to and represents Adrian & Blissfield Rail Road Company.[1]

10.  Additionally, Adrian & Blissfield Rail Road Company is licensed by the Federal Communications Commission ("FCC") to operate a radio common carrier service.  See Exhibit 3.

---

[1]  Adrian & Blissfield Rail Road Company is, presently, not a party to this proceeding. Plaintiff, Mark W. Dobronski, is the plaintiff because he was the actual recipient of Defendant's unsolicited telemarketing calls.  See *Leyse v. Bank of America National Association,* 804 F.3d 316 (3rd Cir. 2015).  ("TCPA's zone of interest protected more than just intended recipients of the calls, as it was actual recipient, intended or not, who suffered the nuisance and invasion of privacy.")

As shown on Exhibit 3, the telephone number for the control point of the radio common carrier service is (734) 641-2300.

11. Defendant claims in its motion that Defendant engaged EAM Staffing Solutions, LLC as Defendant's agent "to provide telemarketing services for prospective commercial clients." *[Motion, at ¶ 3.]* However, Defendant's assertions are belied when one reviews the transcript of the recorded telephone conversation which Defendant supplied with its motion. Review of the audio transcript clearly shows that Defendant's telemarketer (denoted as "TR" in the audio transcript) was calling to market a security system for Plaintiff's house, as follows:

> AB:   And again you're calling because you would like to sell us an alarm system to us here **at the house**.

> TR:   I mean, uh, not just an alarm system.  Anything regarding security.  But I guess more so that I was curious to know -- most people are happy with their current provider, but I don't know if there anything happening **at the house** where police have to make a trip out, (unintelligible), angry neighbors, just because the alarms have been going off when they shouldn't be, things like that. *[Motion, Exhibit D.]*

12. What Defendant wants to conveniently ignore is that Plaintiff, like over 24 percent of employed Americans, works from an office in his home.[2] As explained by Plaintiff in his affidavit, attached hereto as Exhibit 4, Plaintiff works from an office in his home, and receives both business and personal calls at his home.  See Exhibit 4, at ¶ 5.

13. It is an uncontroverted fact that it was Defendant's telemarketer that initiated the telephone call.  And, as the audio recording supplied by Defendant establishes, the intent of

---

[2] Source: United States Department of Labor, Bureau of Labor Statistics. See https://www.bls.gov/opub/ted/2016/24-percent-of-employed-people-did-some-or-all-of-their-work-at-home-in-2015.htm

Defendant's telemarketer was to make a telemarketing pitch to rent or sell a <u>home</u> security system to the Plaintiff. The FCC has made clear that it "decline[s] to exempt from the [FCC's] do-not-call rules those calls made to 'home based businesses'." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 70 Fed. Reg. 19330, 19331 (Apr. 13, 2005).

14. "The TCPA is essentially a strict liability statute which imposes liability for erroneous unsolicited [calls]." *Alea London Ltd. v. American Home Services, Inc.,* 638 F.3d 768, 776 (11 Cir.2011) (quoting *Penzer v. Transp. Ins. Co.,* 545 F.3d 1303, 1311 (11th Cir.2008)). Whether Defendant called Plaintiff's business telephone number or residential telephone number to make its unsolicited telemarketing pitch – either way -- Defendant has run afoul of the TCPA. If Defendant called Plaintiff's business telephone number, that call was in violation of the TCPA because the telephone number is the emergency telephone line of a law enforcement agency[3] and a telephone number assigned to a radio common carrier service.[4] If Defendant called Plaintiff's residence telephone number, that call was in violation of the TCPA because the telephone number is listed on the national do-not-call registry.[5]

**Defendant's Alleged Discovery Dispute
Should Properly Be Dealt With Under Rule 26(G)**

15. Defendant additionally asserts that "Plaintiff's fraud upon this Court is compounded by the fact that when responding to Sonitrol Great Lakes' discovery requests, Plaintiff produced a partial recording of the November 1, 2017 telephone call." *[Motion, ¶ 11.]* Once again, Defendant

---

[3]    *See* 47 U.S.C. § 227(b)(A)(i)

[4]    *See* 47 U.S.C. § 227(b)(A)(iii)

[5]    *See* 47 C.F.R. § 64.1200(C)(2)

has made a baseless allegation.

16. Simply put, Plaintiff cannot produce that which does not exist. Logically, Plaintiff could not record that portion of the telephone conversation to which he was not a party to. Further, Plaintiff explains in his affidavit, attached hereto as Exhibit 4, that as to the portion of the telephone conversation which Plaintiff was a party to, Plaintiff did not know at the point in time that he answered the telephone that he was about to receive an *illegal* unsolicited telemarketing call; accordingly, there was a slight delay before Plaintiff recognized the need to and did activate his telephone recording device. Further, given the fact that Defendant made and possesses its own audio recording of the telephone solicitation, it certainly begs the question how any "fraud upon this court" has been allegedly perpetrated. There was no "fraud upon this Court" as asserted by Defendant.

17. At best, as to the issue of the allegedly "fraudulent"audio recording, this a discovery dispute. A motion under Rule 11 would appear to be an inappropriate mechanism to resolve or sanction a discovery dispute, where other rules more directly apply. Indeed, F.R.C.P. Rule 11(d) expressly states:

> **"Inapplicability to Discovery:** This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."

18. Discovery requests and disputes should be dealt with under Rule 26(g) rather than Rule 11. Rule 11 is reserved for those papers, pleadings, and motions for which there are not other applicable sanction provisions, and thus cannot be used to preempt the application of Rule 26(g) to discovery responses and requests. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir. 1986); see also *National Association of Radiation Survivors v. Turnage,* 115 F.R.D. 543, 555 (N.D.Cal. 1987). Improper discovery requests and responses are more correctly governed by Rule 26(g). *In*

- 6 -

*re Weinberg,* 163 B.R. 681, 684 (Bkrtcy. E.D.N.Y. 1994).

**Defendant Has Failed to Meet Any**
**Legal Standard for Imposing Sanctions**

19.    Defendant has not articulated a factually-accurate legal basis for the imposition of sanctions.  Succinctly put, "[u]nder Federal Rule of Civil Procedure 11, sanctions may be imposed if a reasonable inquiry disclosing [that a] pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing low or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay."  *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers,* 613 F.3d 609, 626 (6th Cir. 2010) (quotation omitted).  Rule 11 motions are measured against an "objective standard of reasonableness under the circumstances."  *Merritt,* 613 F.3d at 626.   A Rule 11 sanction is appropriate when a pleading is frivolous, i.e. both baseless and made without a reasonable and competent inquiry. *Knestrick v. International Business Machines Corp.,* 945 F.Supp. 1080, 1082 (E.D. Mich. 1996) citing *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor,* 875 F.2d 1224 (6th Cir. 1989).  Accordingly, Defendant, as the party seeking sanctions, must first establish that the filing of the pleading in question was "objectively unreasonable"; and, this, the Defendant has failed to do.

20.    As shown, the actual facts belie Defendant's baseless speculation that the "irrefutable evidence shows that neither Sonitrol Great Lakes nor EAM placed a call to Plaintiff's residential phone numbers or any 'telephone number which is an emergency telephone line for a law enforcement agency and which is assigned to a radio common service carrier *(sic)*' on or about October 25, 2017 and November 1, 2017."  *[Motion, at ¶ 9].*  In fact, as has been shown, the telephone number which Defendant asserts that its telemarketer made the telephone solicitation to

is an emergency telephone line for a law enforcement agency and is assigned to a a paging service,

cellular telephone service, specialized mobile radio service, or other radio common carrier service.

As such, Plaintiff's complaint is and was well grounded in fact and supported by existing law; hence,

Plaintiff's complaint was not frivolous.

21. As to Defendant's dispute with the audio recording supplied by Plaintiff in response to

Defendant's discovery request, that is a discovery dispute which has been improperly raised in the

Motion, and instead should have properly been raised using the procedure set forth at Rule 26(g).

Moreover, "[a]llegations of nondisclosure during pretrial discovery are not sufficient to support an

action for fraud on the court." *Okros v. Angelo Iafrate Const. Co.,* 562 F.Supp. 2d 648, 653 (E.D.

Mich. 2007).

### Plaintiff Should be Awarded
### His Costs for Defending This Motion

22. F.R.C.P. Rule 11(c)(2) provides that "... the court may award the prevailing party the

reasonable expenses, including attorney's fees, incurred for the motion."

23. Defendant has made serious charges against Plaintiff, and such serious charges ought not

to be made recklessly without substantial support. As has been shown, Defendant's factual

allegations asserted in its Motion have been found to be baseless. Clearly, Defendant's counsel

failed to do any investigation or reasonable inquiry before making the baseless factual allegations.

Accordingly, Plaintiff should be awarded its reasonable expenses incurred for the motion in order

to deter Defendant from repetition of the conduct or comparable conduct by others similarly situated.

### CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny

Defendant's motion for sanctions in its entirety, and grant such other and further relief as the Court

deems appropriate, including awarding Plaintiff his reasonable expenses for defending this motion.


DATED: July 12, 2018

Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 85547
Westland, Michigan 48185-0547
(734) 330-9671
Email:  MarkDobronski@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion for Sanctions Pursuant to Rule 11 is being served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings via US First Class mail on July 12, 2018 as follows:

> David N. Cessante, Esq.
> Brian D. Shekell, Esq.
> 500 Woodward Avenue, Suite 3500
> Detroit, Michigan 48226-3485

Mark W. Dobronski

- 10 -

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARK W. DOBRONSKI, an
Individual,

                Plaintiff,

v.

ALARM MANAGEMENT II, L.L.C.
d/b/a SONITROL GREAT LAKES, a
Michigan limited liability company,

                Defendant.

Civil Action No.  2:18-CV-11055

Honorable Marianne O. Battani

Magistrate Judge Stephanie Dawkins Davis

_____/

## INDEX OF EXHIBITS

**Exhibit 1 -**    Telephone Bill for Adrian & Blissfield Rail Road Company

**Exhibit 2 -**    MCOLES Listing of Michigan Law Enforcement Agencies

**Exhibit 3 -**    FCC Radio Station Authorization, Call Sign WPZX522

**Exhibit 4 -**    Affidavit of Mark W. Dobronski

# EXHIBIT 1

WOW! business™
Internet · Voice · Data · Cloud

Account Name .......... Adrian & Blissfield Railroad CO
Account Number ......................................
Statement Code ......................................
Customer Phone ...............................
Billing Date ......................................

## WOW! SERVICE CHARGES

Adrian & Blissfield Railroad CO
38235 N EXECUTIVE DR
WESTLAND, MI 48185
734-641-2300
734-641-
734-641-
734-641
734-641-
734-641-
734-641-
734-641-

06/02-07/01
06/02-07/01
06/02-07/01

06/02-07/01

06/02-07/01
06/02-07/01
06/02-07/01
06/02-07/01

06/02-07/01

06/02-07/01

Total WOW! Service Charges ....................................

## TAXES, SURCHARGES & FEES

Adrian & Blissfield Railroad CO
38235 N EXECUTIVE DR
WESTLAND, MI 48185
06/02
06/02
06/02
06/02
06/02
06/02

Total Taxes, Surcharges & Fees ....................................

# SIGN UP FOR AUTOMATIC PAYMENTS!

The automatic bill payment service makes paying your monthly WOW! Business bill even easier.
With automatic payments **YOUR BILL IS PAID AUTOMATICALLY** from your business checking account or your
business debit or credit card (Visa, Mastercard, Discover). **TO SIGN UP** for automatic payments log in to
WOW! Account Manager at wowforbusiness.com and select "My WOW! Account".

**Electronic Check Conversion**
When you pay your bill by check, you authorize us to either use the information from your check to make a one-time electronic funds transfer (EFT) from your account or to process the payment as a check transaction. When we use information from your check to make an EFT, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from the bank. If your payment is returned unpaid, you agree to pay a fee of up to $30. Returned checks may be represented electronically.

Closed Captioning Concerns: For immediate assistance call 1-888-969-4249 or email wow_techsupport@wowinc.com.
For Closed Captioning written complaints: Gary Nilsen, Vice President, 1323 Bond St., Ste 163, Naperville, IL 60563 or
email wow_techsupport@wowinc.com. All other inquiries will go unanswered.

# EXHIBIT 2

# MCOLES

**Michigan Law Enforcement Agencies**   *08/7/2013*

ADRIAN POLICE DEPARTMENT
CHIEF VINCENT P EMRICK
155 E MAUMEE ST
ADRIAN MI 49221
TX: 517-264-4846
FAX: 517-264-1927

ADRIAN TOWNSHIP POLICE
DEPARTMENT
CHIEF GERALD A HAENSLER, JR
2907 TIPTON HWY
ADRIAN MI 49221
TX: 517-264-1000
FAX: 517-265-6300

ADRIAN-BLISSFIELD RAILROAD
POLICE
HONORABLE MARK W DOBRONSKI
38235 N EXECUTIVE DRIVE
WESTLAND MI 48185
TX: 734-641-2300
FAX: 734-641-2323

AKRON POLICE DEPARTMENT
CHIEF MICHAEL SCARBOROUGH
4380 BEACH STREET
P.O. BOX 295
AKRON MI 48701
TX: 989-691-5354
FAX: 989-691-5354

ALBION DPS
CHIEF SCOTT KIPP
112 WEST CASS ST
ALBION MI 49224
TX: 517 629-3933
FAX: 517-629-7828

ALCONA COUNTY SHERIFF'S
OFFICE
SHERIFF DOUGLAS M. ATCHISON
214 WEST MAIN
HARRISVILLE MI 48740
TX: 989-724-6271
FAX: 989-724-6181

ALGER COUNTY SHERIFF'S OFFICE
SHERIFF ROBERT HUGHES
101 EAST VARNUM STE B
MUNISING MI 49862
TX: 906-387-4444
FAX: 906-387-5278

ALLEGAN COUNTY SHERIFF'S
OFFICE
SHERIFF BLAINE KOOPS
112 WALNUT ST
ALLEGAN MI 49010
TX: 269-673-0500
FAX: 269-673-0406

ALLEGAN POLICE DEPARTMENT
CHIEF RICK HOYER
170 MONROE ST
ALLEGAN MI 49010
TX: 616-673-2115
FAX: 269-673-5170

ALLEN PARK POLICE
DEPARTMENT
CHIEF JAMES WILKEWITZ
16850 SOUTHFIELD RD
ALLEN PARK MI 48101
TX: 313-928-1790
FAX: 313-928-1673

ALMA DEPARTMENT OF PUBLIC
SAFETY
DIRECTOR DAVID D. WALSH
525 EAST SUPERIOR
ALMA MI 48801
TX: 989-463-8317
FAX: 989-463-6233

ALMONT POLICE DEPARTMENT
CHIEF PATRICK S NAEL
817 NORTH MAIN
ALMONT MI 48003
TX: 810-798-8300
FAX: 810-798-3397



# EXHIBIT 3

**REFERENCE COPY**
This is not an official FCC license. It is a record of public information contained in the FCC's licensing database on the date that this reference copy was generated. In cases where FCC rules require the presentation, posting, or display of an FCC license, this document may not be used in place of an official FCC license.



# Federal Communications Commission
## Wireless Telecommunications Bureau

## RADIO STATION AUTHORIZATION

LICENSEE: ADRIAN & BLISSFIELD RAIL ROAD COMPANY

ATTN: MARK W DOBRONSKI
ADRIAN & BLISSFIELD RAIL ROAD COMPANY
38235 N EXECUTIVE DR
WESTLAND, MI 48185-1971

| Call Sign WPZX522 | File Number |
|---|---|
| **Radio Service** YG - Industrial/Business Pool, Trunked | |
| **Regulatory Status** PMRS | |
| **Frequency Coordination Number** | |

FCC Registration Number (FRN): 0008282139

| Grant Date 01-18-2014 | Effective Date 01-18-2014 | Expiration Date 04-05-2024 | Print Date |
|---|---|---|---|

## STATION TECHNICAL SPECIFICATIONS

**Fixed Location Address or Mobile Area of Operation**

**Loc. 1** Address: 708 E Michigan St
City: Adrian    County: LENAWEE    State: MI
Lat (NAD83): 41-53-37.5 N  Long (NAD83): 084-01-30.2 W  ASR No.:  Ground Elev: 246.0

**Loc. 3** Area of operation
Operating within a 40.0 km radius around fixed location 1

**Loc. 5** Address: 555 E WILLIAM ST
City: ANN ARBOR    County: WASHTENAW    State: MI
Lat (NAD83): 42-16-40.7 N  Long (NAD83): 083-44-32.5 W  ASR No.: 1256888  Ground Elev: 266.1

**Loc. 6** Area of operation
Operating within a 40.0 km radius around fixed location 5

**Antennas**

| Loc No. | Ant No. | Frequencies (MHz) | Sta. Cls. | No. Units | No. Pagers | Emission Designator | Output Power (watts) | ERP (watts) | Ant. Ht./Tp meters | Ant. AAT meter | Construct Deadline Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 000160.26750000 | FB8C | 1 | | 4K00F1D 4K00F1E | 100.000 | 306.000 | 13.3 | $19.1 | 04-05-2005 |

**Conditions:**
Pursuant to §309(h) of the Communications Act of 1934, as amended, 47 U.S.C. §309(h), this license is subject to the following conditions: This license shall not vest in the licensee any right to operate the station nor any right in the use of frequencies designated in the license beyond the term thereof nor in any other manner than authorized herein. Neither the license nor the right granted thereunder shall be assigned or otherwise transferred in violation of the Communications Act of 1934, as amended. See 47 U.S.C. § 310(d). This license is subject in terms to the right of use or control conferred by §706 of the Communications Act of 1934, as amended. See 47 U.S.C. §606.

FCC 601-LM
August 2007

**Licensee Name:** ADRIAN & BLISSFIELD RAIL ROAD

**Call Sign:** WPZX522 　　　　　**File Number:** 　　　　　**Print Date:**

**Antennas**

| Loc No. | Ant No. | Frequencies (MHz) | Sta. Cls. | No. Units | No. Pagers | Emission Designator | Output Power (watts) | ERP (watts) | Ant. Ht./Tp meters | Ant. AAT meter | Construct Deadline Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 000160.65000000 | FB | 1 | | 11K3F3E 4K00F1D 4K00F1E | 100.000 | 195.000 | 16.5 | 822.4 | 04-05-2005 |
| 3 | 1 | 000160.26750000 | MO8 | 100 | | 11K3F3E 4K00F1D 4K00F1E | 50.000 | 95.000 | | | 04-05-2005 |
| 3 | 1 | 000160.65000000 | MO | 100 | | 4K00F1D 4K00F1E | 50.000 | 95.000 | | | 01-04-2012 |
| 3 | 1 | 000161.07750000 | MO8 | 100 | | 4K00F1D 4K00F1E | 50.000 | 95.000 | | | 01-04-2012 |
| 3 | 1 | 000161.20500000 | MO | 100 | | 11K3F3E 4K00F1D 4K00F1E | 50.000 | 95.000 | | | 01-04-2012 |
| 5 | 1 | 000160.62750000 | FB8C | 1 | | 4K00F1D 4K00F1E | 100.000 | 195.000 | 95.7 | 97.6 | 01-04-2012 |
| 6 | 1 | 000160.62750000 | MO8 | 100 | | 4K00F1D 4K00F1E | 50.000 | 95.000 | | | 01-04-2012 |
| 6 | 1 | 000161.43750000 | MO8 | 100 | | 4K00F1D 4K00F1E | 50.000 | 95.000 | | | 01-04-2012 |
| 6 | 1 | 000161.20500000 | MO | 100 | | 11K3F3E 4K00F1D 4K00F1E | 50.000 | 95.000 | | | 09-17-2014 |

**Control Points**

**Control Pt. No. 3**

**Address:** 38235 N EXECUTIVE DR

**City:** WESTLAND　**County:** WAYNE　**State:** MI　**Telephone Number:** (734)641-2300

**Associated Call Signs**

Licensee Name:  ADRIAN & BLISSFIELD RAIL ROAD

Call Sign: WPZX522

File Number:

Print Date:

Waivers/Conditions:
NONE

FCC 601-LM
August 2007

# EXHIBIT 4

## AFFIDAVIT OF MARK W. DOBRONSKI

State of Michigan )
                       ) s.s.;
County of Wayne )

MARK W. DOBRONSKI, being first duly sworn, does depose and state as follows:

1. I am the Plaintiff in the matter of *Mark W. Dobronski v. Alarm Management II, LLC d/b/a Sonitrol Great Lakes,* Civil Action Number 2:18-CV-11055. I am of the age of majority, and I have direct and personal knowledge of the facts in dispute. If called as a witness, I can testify competently to the facts set forth in this affidavit.

2. I am the President of Adrian & Blissfield Rail Road Company. Adrian & Blissfield Rail Road Company is an interstate railroad common carrier certificated by the U.S. Surface Transportation Board.

3. Adrian & Blissfield Rail Road Company operates a police department and employs rail police officers. Our rail police officers are commissioned by the Michigan Commission on Law Enforcement Standards ("MCOLES"), and our police department is a MCOLES-recognized law enforcement agency. The FBI-assigned originating agency identification (ORI) number for our police department is MI462089E. The telephone number for our police department is (734) 641-2300.

4. Adrian & Blissfield Rail Road Company is licensed by the Federal Communications Commission to operate a common carrier radio station, *inter alia,* call sign WPZX522. The telephone number for the control point of our common carrier radio station is (734) 641-2300.

5. I work from a home (residence) office. I receive both business and personal telephone calls at my home.

6.  On Wednesday, November 1, 2017, at approximately 11:15 A.M., I received a telephone call on my home telephone.  When I answered the call, the caller stated that he was trying to contact my wife, Susan.  The caller identified himself to me as being Tino Rossi with Sonitrol Great Lakes. It was at this point in the conversation that I realized that this was an unsolicited telemarketing call, upon which I activated my telephone recording device.

7.  I inquired of Mr. Rossi as to whether he was trying to call Susan at <u>home</u>.  Mr. Rossi responded that he wanted to have a brief conversation regarding the security alarm system at our <u>house</u>.  I asked Mr. Rossi "So you're trying to sell an alarm system for the <u>house</u>?", to which Mr. Rossi responded affirmatively.  I subsequently, once again, asked Mr. Rossi "And, again, you're calling because you would like to sell us an alarm system to us here at the <u>house</u>?", to which Mr. Rossi responded affirmatively and stated that he was inquiring whether we were happy with our current alarm provider and whether there had been anything happening at the <u>house</u> where police have responded or neighbors were angry over alarms going off.

Further, affiant sayeth naught.

_Mark W. Dobronski_
Mark W. Dobronski

Subscribed and sworn to before me
this __12th__ day of July, 2018.

_Karen Merritt_

KAREN E. MERRITT
Notary Public, State of Michigan
County of Wayne
My Commission Expires Nov. 14, 2019
Acting in the County of Wayne