UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,                          Case No.: 18-11055

      Plaintiff,                            Marianne O. Battani
v.                                          United States District Judge

ALARM MANAGEMENT II,                        Stephanie Dawkins Davis
LLC,                                        United States Magistrate Judge

      Defendant.
_____/

**REPORT AND RECOMMENDATION
DEFENDANT'S MOTION FOR SANCTIONS
<u>PURSUANT TO RULE 11 (Dkt. 9)</u>**

## I.  PROCEDURAL HISTORY

Plaintiff Mark W. Dobronski brought this action *pro se* against Alarm

Management II, LLC under 47 U.S.C. § 227, *et. seq.*, the Telephone Consumer

Protection Act of 1991, and Mich. Comp. Laws § 445.111, *et. seq.*, the Michigan

Home Solicitation Sales Act.  (Dkt. 1).  Alarm Management timely removed the

case to the United States District Court for the Eastern District of Michigan on

April 2, 2018.  (Dkt. 1).  On July 11, 2018, Alarm Management filed its motion for

sanctions pursuant to Rule 11.  (Dkt. 9).  Dobronski responded (Dkt. 10) and

Alarm Management replied (Dkt. 12).  District Judge Marianne O. Battani referred

the motion to the undersigned for report and recommendation on July 18, 2018.

(Dkt. 11).  The matter is now ready for report and recommendation.

For the reasons stated more fully below, the undersigned **RECOMMENDS** that Alarm Management's motion for Rule 11 sanctions be **DENIED WITHOUT PREJUDICE** but **DENIED WITH PREJUDICE** on the issue of Dobronski's discovery responses.

## II.    FACTUAL BACKGROUND AND PARTIES' ARGUMENTS

### A.    Plaintiff's Complaint

Dobronski's complaint is about two phone calls received from Alarm Management that he claims were illegal phone calls pursuant to the Telephone Consumer Protection Act (TCPA) and Michigan Home Solicitation Sales Act (MHSA).  Dobronski alleges that his residential telephone numbers, (734) 424-1212 and (734) 424-2424, are listed on the National Do Not Call Registry.  (Dkt. 1, ¶ 8).  He further claims that he has not had a business relationship with Alarm Management and did not provide prior express consent to the company to initiate any telephone call to his residential telephone numbers at any time relevant to this case.  (*Id.* at ¶ 9-10).

On October 25, 2017, Alarm Management allegedly used an automated telephone dialing system to initiate a telephone solicitation to Dobronski to sell a home security system or service.  (*Id.* at ¶ 13).  This phone call violated the TCPA and MHSA because it was to Dobronski's telephone number on the Do Not Call list.  Dobronski alternatively alleges that the telephone solicitation violated the

TCPA because the call was made to a telephone number which is an emergency telephone phone line for a law enforcement agency and which is assigned to a radio common carrier service. (*Id.* at ¶ 14-15). On November 1, 2017, Alarm Management again initiated a telephone solicitation to Dobronski to sell a home security system or service. (*Id.* at ¶ 20). Again, Dobronski alleges that this phone call violated the TCPA and MHSA because the call was to a number on the Do Not Call list or, alternatively, because the call was to an emergency telephone line for a law enforcement agency. (*Id.* at 21, 22, 25).

  B. <u>Defendant's Motion for Sanctions</u>

   Defendant Alarm Management II, LLC does business as Sonitrol Great Lakes (Sonitrol).[1] Sonitrol brings this motion for sanctions on the basis that Dobronski's factual assertions in the complaint are knowingly false and misleading.

   Sonitrol is a company that provides security services and engaged EAM Staffing Solutions, LLC to provide telemarketing services for prospective commercial clients. Sonitrol contends that no calls were made to the two residential phone numbers Dobronski listed in his complaint. (Dkt. 9, at p. 1, 2). Rather, audio recordings from the phone calls were made from calls to a commercial business, Teletech, Inc., at (734) 641-2300. (*Id.* at Exhibits C and D).

_____

[1] Defendant refers to itself as Sonitrol Great Lakes. The undersigned will follow suit.

According to Teletech's Michigan Licensing and Regulatory Affairs page, Teletech is a telecommunications engineering and antenna site management company.  (*Id.* at Ex. B).  Susan Dobronski is listed as Teletech's president; Mark Dobronski is listed as its treasurer.  (*Id.*).

According to the call log and transcript, EAM representative Tino Rossi placed a phone call to Teletech at (734) 641-2300.  (*Id.* at Ex. C, D).  The individual who answered the phone stated, "Good afternoon, A&B Railroad, how may I help you?"  (*Id.* at Ex. D).  Rossi asked if the number he dialed was Teletech.  The individual responded, "We're also Teletech.  How can I help you?"  Rossi then left a message for Susan.  Sonitrol believes that Teletech and A&B Railroad are commercial businesses that use the same telephone number.  (*Id.* at p. 3).  A 2017 Profit Corporation Annual Report filed by Adrian and Blissfield Railroad Company identifies Mark Dobronski as its president and Susan Dobronski as its Secretary and Treasurer.  (*Id.* at Ex. E).  A&B Railroad is also listed as having the same registered address as Teletech.  (*Id.*).

According to Sonitrol, the November 1st phone call was also placed to Teletech at (734) 641-2300 (*Id.* at Ex. D) and was answered the same way: "Good morning.  A&B Railroad."  Mr. Rossi stated he was calling for Susan Dobronski. A person named Stan came on the line—Sonitrol believes Stan is plaintiff Mark Dobronski—and asked whether Mr. Rossi was trying to reach Susan at home.  Mr.

Rossi said he was not but that he wanted a brief conversation regarding security at Stan's location.  Stan asked again if Mr. Rossi was trying to contact Susan "At the house here?"  Mr. Rossi said he was.  Mr. Rossi also indicated that he was calling Susan "out of the blue."  (*Id.*).

Sonitrol asserts that based on the information highlighted above and contained in the exhibits, Dobronski has intentionally misrepresented the facts in the complaint in violation of Rule 11.[2]  These misrepresentations include (1) that Sonitrol initiated a telephone solicitation call to *plaintiff* rather to Teletech and Susan Dobronski; (2) that Sonitrol called plaintiff's residential telephone numbers; and (3) that the calls were made to an emergency telephone line for a law enforcement agency rather than to Teletech, a telecommunications engineering and antenna site management company.  (*Id.* at p. 8-9).  Because Sonitrol called neither a residential phone number nor an emergency telephone line for a law enforcement agency, it argues that Dobronski cannot prevail on his claims under the TCPA and MHSA as a matter of law.  As such, Sonitrol seeks dismissal with prejudice of the complaint and an award of attorney fees and costs incurred in responding to the lawsuit as sanctions under Rule 11.

---

[2] Sonitrol refers to the complaint as the First Amended Complaint.  However, there is no amended complaint on the docket and the complaint Sonitrol attached as Exhibit A to its motion is plaintiff's complaint found at docket no. 1 and is not an amended complaint.

Sonitrol also seeks sanctions under Rule 11 for Dobronski's alleged fraud in discovery responses.  Dobronski produced a CD containing an audio recording of the November 1, 2017 phone call, omitting material portions of the call.  (*Id.* at p. 4-5).  Sonitrol argues that this transcript compounds Dobronski's fraud on the Court.  (*Id.* at p. 9).

In response, Dobronski does not contest the fact that Sonitrol did not call the two residential phone numbers, but rather called (734) 641-2300.  (Dkt. 10). Dobronski argues that (734) 641-2300 is assigned to Adrian & Blissfield Railroad Company which operates a police department recognized by the Michigan Commission on Law Enforcement Standards (MCOLES) and the Federal Bureau of Investigation.  (*Id.* at p. 3, Exhibit 2).[3]  The Railroad company employs police officers and lists the 641-2300 number on MCOLES as its phone number. Dobronski further asserts that the railroad company is licensed by the Federal Communications Commission (FCC) to operate a radio common carrier service. (*Id.* at Ex. 3).  Therefore, Sonitrol made a solicitation phone call to a law enforcement agency in violation of the TCPA.

---

[3] Exhibit 2 is a 2013 MCOLES list of agencies.  Exhibit 2 does not contain information from the FBI about A&B Railroad Company.

As to Sonitrol's argument related to Dobronski's response to discovery, Dobronski asserts that a discovery dispute is not a proper subject for a Rule 11 motion. Instead, the issue should be dealt with under Rule 26(g). (*Id.* at p. 5-6).

In reply, Sonitrol again points out the inconsistencies between the evidence and what plaintiff alleged in the complaint. Notably, Dobronski did not mention A&B Railroad in the complaint at all but asserts in his response brief that Sonitrol called A&B Railroad in violation of the TCPA and MHSA. (Dkt. 12, at p. 1). Sonitrol also notes that Dobronski's response brief is silent on Teletech and Sonitrol's assertion that A&B Railroad and Teletech share the same phone number. (*Id.* at p. 2). Further, Sonitrol contends that Dobronski's claim that he works from home is irrelevant to the issue of whether the calls violated the TCPA and MHSA because plaintiff concedes that the calls were made to the 641-2300 number and he does not rebut that the number is associated with Teletech, a commercial business. (*Id.* at p. 3-4).

According to Sonitrol, even if A&B Railroad were the intended recipient, it did not violate the law by initiating a telemarketing call to (734) 641-2300. Although Dobronski submits the MCOLES list to support his assertion that A&B Railroad is a law enforcement agency, Sonitrol asserts that the 641-2300 number is not A&B's emergency number. Rather, the Michigan Railroad Association lists

the emergency number as (800) 555-2580.  (*Id.* at p. 5-6, Ex. 4).[4]  Sonitrol also

provides a brief history of Dobronski's litigious behavior and his conduct on the

bench as a Justice of the Peace in Arizona in suggesting that Dobronski lacks

credibility in this case.  (*Id.* at p. 7-8).

## III.   ANALYSIS AND RECOMMENDATIONS

### A.   Rule 11 Sanctions

Federal Rule of Civil Procedure 11(b) provides:

> (b) Representations to the Court. By presenting to the
> court a pleading, written motion, or other paper--whether
> by signing, filing, submitting, or later advocating it--an
> attorney or unrepresented party certifies that to the best
> of the person's knowledge, information, and belief,
> formed after an inquiry reasonable under the
> circumstances:
>
> (1) it is not being presented for any improper purpose,
> such as to harass, cause unnecessary delay, or needlessly
> increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are
> warranted by existing law or by a nonfrivolous argument
> for extending, modifying, or reversing existing law or for
> establishing new law;
>
> (3) the factual contentions have evidentiary support or, if
> specifically so identified, will likely have evidentiary
> support after a reasonable opportunity for further
> investigation or discovery; and

---

[4] Sonitrol does not explain why the Michigan Railroad Association list in effect takes precedence over the MCOLES list.

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"[I]n this circuit, the test for the imposition of Rule 11sanctions is whether the individual attorney's conduct was reasonable under the circumstances." *Michigan Division-Monument Builders of North America v. Michigan Cemetery Ass'n*, 524 F.3d 726, 738-739 (6th Cir. 2008) (quoting *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)).  The test of reasonableness under the circumstances is an objective standard.  *Century Prods., Inc. v. Sutter*, 837 F.2d 247, 253 (6th Cir. 1988).  This objective standard is intended to eliminate any "empty-head pure-heart" justification for patently frivolous arguments.  *Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 353 (6th Cir. 2005).

Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir. 1986).  A good-faith belief in the merits of a case is insufficient to avoid Rule 11 sanctions.  *Mann*, 900 F.2d at 958.  Sanctions are mandatory in the event that the court determines that Rule 11 has been violated, but the court has "wide discretion" in delineating the extent of the sanctions imposed. *Albright*, 788 F.2d at 1222.  "The standard for sanctioning parties is the same as that for counsel: reasonableness under the circumstances per Rule 11, or 'in bad faith, vexatiously, wantonly, or for oppressive reasons' under this Court's

inherent sanctioning power." *Adams v. Penn Line Services, Inc.*, 2009 WL
1514605, *4 (N.D. Ohio 2009). Rule 11(c) provides, "[i]f, after notice and a
reasonable opportunity to respond, the court determines that Rule 11(b) has been
violated, the court may impose an appropriate sanction on any attorney, law firm,
or party that violated the rule or is responsible for the violation." Fed. R. Civ. P.
11(c)(1). *Pro se* plaintiffs are not exempt from Rule 11 sanctions simply because
they are not represented by counsel. *Graham v. Liberty Mut. Ins. Co.*, 2009 WL
1034942, *4 (E.D. Tenn. 2009) (citing *Bus. Guides, Inc. v. Chromatic Communs.
Enters.*, 498 U.S. 533, 564 (1991)) ("Requiring *pro se* litigants to make the Rule
11 certification ensures that, in each case, at least one person has taken
responsibility for inquiry into the relevant facts and law."); *see also Kaye v. Acme
Investments, Inc.*, 2008 WL 4482304, *1 (E.D. Mich. 2008) ("*Pro se* litigants must
comply with Rule 11 no less than attorneys, and must make a reasonable inquiry as
to whether the pleading in question is well-grounded in fact and warranted by
existing law."). The primary purpose of Rule 11 sanctions is to deter future
conduct of a like nature. *Kaye*, at *1. Notably, a plaintiff's intentional
misrepresentation on the record is serious misconduct warranting dismissal as a
sanction. *Dietrich v. City of Grosse Pointe Park*, 2017 WL 5709592, at *6 (E.D.
Mich. Jan. 12, 2017) (citing *Amadasu v. General Revenue Corp.*, 2008 WL
207936, *5 (S.D. Ohio 2008)).

10

B.   <u>Discussion</u>

The undersigned first notes that Sonitrol represents that it complied with Rule 11's safe harbor provision.  (Dkt. 9, at p. 4).  Sonitrol states that it served Dobronski with the motion on June 19, 2018, more than 21 days before bringing the motion to the Court.  Nevertheless, the undersigned suggests that Sonitrol's Rule 11 motion is premature because it has not yet filed a dispositive motion on the merits of Dobronski's claims.

In general, a Rule 11 motion is not a proper substitute for a dispositive motion and "'should not be employed ... to test the sufficiency or efficacy of allegations in the pleading; other motions are available for those purposes.'" *E.E.O.C. v. Pines of Clarkston, Inc.*, 2014 WL 6612375, at *2 (E.D. Mich. Nov. 20, 2014) (Steeh, J.) (quoting *Safe–Strap Co. v. Koala Corp.,* 270 F.Supp.2d 407, 416 (S.D.N.Y. 2003)).  In *Safe–Strap,* a patent infringement action, defendant sought dismissal of the case as a Rule 11 sanction on the grounds that the complaint was allegedly frivolous, but defendant had not filed a motion for summary judgment.  *Id.* at 410–11.  Based on the procedural distinctions between summary judgment motions and sanction motions, the court found that it would be prejudicial to the plaintiff to consider dismissal as a sanction prior to hearing the matter via a summary judgment motion.  *Id.* at 419.  In *Pines of Clarkston*, the Court was faced with a Rule 11 motion in a slightly different

procedural posture from *Safe-Strap*.  There, discovery was closed and the time for dispositive motions had passed.  The defendant, however, filed a motion to extend the time to file dispositive motions while the Rule 11 motion was pending.  2014 WL 6612375, at *2.  The court denied the Rule 11 motion because dismissal as a sanction cannot be a substitute for a dispositive motion.

Here, the parties have until November 13, 2018 to complete discovery and until December 14, 2018 to file dispositive motions.  While defendant has apparently conducted some discovery—Sonitrol seeks sanctions in part for Dobronski's response to discovery—it is not clear that Dobronski has yet engaged in discovery.  Nevertheless, Sonitrol moves the Court to adjudicate Dobronski's claims in the context of a sanctions motion.  This is not the preferred way of proceeding (indeed, Sonitrol's motion reads more like a *de facto* motion for summary judgment).  *See Pines of Clarkston* and *Safe-Strap*, *supra*.  The Rules Advisory Committee "anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation."  Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment).  The Advisory Committee Notes also state that that Rule 11 motions "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes."  (1993 Amendment); *see also Lichtenstein v. Consolidated Serv. Group, Inc*., 173 F.3d 17, 23 (1st Cir.

1999) (emphasizing that "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where [as here] the thrust of the sanctions motion is that institution of the case itself was improper"); *Blue v. United States Dep't of the Army* 914 F.2d 525, 535 (4th Cir.1990), *cert. denied sub nom., Chambers v. United States Dep't of the Army* 499 U.S. 959 (1991) ("[C]laims that are plainly meritless should be disposed of early in the course of litigation through summary judgment or other pretrial motion[s]. . . .  As a general matter, dismissal of a frivolous...case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort."); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P*., 2000 WL 528633, at *1 (S.D.N.Y. May 2, 2000) (denying Rule 11 motion without prejudice "to renewal at conclusion of litigation"); Wright and Miller, Federal Practice and Procedure: Civil 3d § 1337.1 (2004) (stating that when "the challenged conduct is the institution of the action itself ... the question whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case").

In light of the foregoing, the undersigned suggests that it is premature at this time to dismiss the complaint as a Rule 11 sanction.  Defendant should first seek

dismissal of the claims against it through a dispositive motion, as a Rule 11 motion may not substitute for a dispositive motion.  *See Safe-Step*, 270 F. Supp. 2d at 417-19 (contrasting the different standards and purposes of a Rule 11 motion with a motion for summary judgment).  Should defendant prevail on its dispositive motion, the Court will, on proper motion, revisit the issue of Rule 11 sanctions.

In regard to Sonitrol's request for sanctions for Dobronski's allegedly incomplete discovery response, Dobronski is correct that Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."  Fed. R. Civ. P. 11(d).  Therefore, Sonitrol is not entitled to any relief under that rule.  *See also, Jones v. Illinois Cent. R. Co*., 617 F.3d 843, 856 (6th Cir. 2010) (denying Rule 11 sanctions for non-compliance with discovery requests because Rule 11 does not apply to discovery issues).  Accordingly, the motion should be **DENIED** in that regard.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for sanctions pursuant to Rule 11 (Dkt. 9) be **DENIED WITHOUT PREJUDICE** but **DENIED WITH PREJUDICE** on the issue of Dobronski's discovery responses.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 13, 2018                      s/Stephanie Dawkins Davis
                                             Stephanie Dawkins Davis
                                             United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

   I certify that on November 13, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Mark W. Dobronski, P.O. Box 85547, Westland, MI 48185.

          s/Tammy Hallwood
          Case Manager
          (810) 341-7887
          tammy_hallwood@mied.uscourts.gov