**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK W. DOBRONSKI,

    Plaintiff,

v.

ALARM MANAGEMENT II L.L.C.,

    Defendant.

_____/

Case No. 18-11055

Hon. Marianne O. Battani

**OPINION AND ORDER REGARDING DEFENDANT'S
<u>OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

**I.    INTRODUCTION**

Before the Court are objections filed by Defendant Alarm Management II L.L.C. (Dkt. 19) to a November 13, 2018 Report and Recommendation ("R & R") issued by Magistrate Judge Stephanie Dawkins Davis (Dkt. 17). In the R & R, the Magistrate Judge recommends that the Court deny Defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11 (Dkt. 9). The Magistrate Judge further recommends (i) that the denial of Defendant's motion should generally be without prejudice to Defendant's opportunity to seek the imposition of sanctions at a later date, but (ii) that this denial should be with prejudice to the extent that Defendant purportedly seeks Rule 11 sanctions arising from discovery responses served by Plaintiff Mark W. Dobronski.

Defendant raises two objections to the R & R. First, it takes issue with the Magistrate Judge's determination that Defendant's request for Rule 11 sanctions is premature. Next, Defendant maintains that the Magistrate Judge has misconstrued its

motion as seeking sanctions arising from Plaintiff's discovery responses. For the reasons discussed below, the Court **OVERRULES** Defendant's first objection, **SUSTAINS** its second objection, and **ADOPTS IN PART** the Magistrate Judge's R & R.

## II.     STATEMENT OF FACTS

Neither party has objected to the Magistrate Judge's statement of the background facts of this case regarding (i) Plaintiff's claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Michigan's Home Solicitation Sales Act, Mich. Comp. Laws § 445.111 *et seq.*, (ii) his allegations in support of these claims, and (iii) the record produced by Defendant to challenge the factual basis for these claims. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III.    STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

## IV.    ANALYSIS

### A. Objection No. 1

As the first of its two objections to the R & R, Defendant takes issue with the Magistrate Judge's recommendation that Defendant's motion for Rule 11 sanctions should be denied without prejudice as premature. In recommending this course of action, the Magistrate Judge reasoned that Defendant had brought its Rule 11 motion as a "substitute for a dispositive motion," where it effectively invited the Court "to adjudicate [Plaintiff's] claims" on the merits and dismiss them as lacking in factual support. (R & R at 12-14.) Citing the decisions in *Safe-Strap Co. v. Koala Corp.,* 270 F. Supp.2d 407, 412-21 (S.D.N.Y. 2003), and *E.E.O.C. v. Pines of Clarkston, Inc.,* No. 13-14076, 2014 WL 6612375, at *2-*3 (E.D. Mich. Nov. 20, 2014), among other authorities, the Magistrate Judge observed that the courts have been reluctant to impose the sanction of dismissal for a Rule 11 violation, but instead have expressed a preference for adjudicating the merits of a claim through the usual vehicle of a motion to dismiss or for summary judgment, and then addressing the issue of Rule 11 sanctions at the end of the litigation. (*See* R & R at 11-14.)

In objecting to the Magistrate Judge's determination on this point, Defendant maintains that the case law cited in the R & R is distinguishable, where the decisions in *Safe-Strap* and *Pines of Clarkston* rested in part on the courts' recognition that the Rule 11 motions in those cases implicated factual issues that remained open to dispute. *See Safe-Strap,* 270 F. Supp.2d at 419-20; *Pines of Clarkston,* 2014 WL 6612375, at *3. Here, in contrast, Defendant suggests that the "irrefutable facts" in the present record establish that Plaintiff's allegations in support of his claims lack evidentiary support, and it contends that no "amount of discovery . . . will change the[se] facts." (Dkt. 19,

Defendant's Objections, Br. in Support at 8.)  In addition, Defendant views the decisions in *Safe-Strap* and *Pines of Clarkston* as acknowledging that dismissal may be appropriate as a Rule 11 sanction, *see Safe-Strap,* 270 F. Supp.2d at 417-18; *Pines of Clarkston,* 2014 WL 6612375, at *1, but merely concluding that this sanction was not warranted under the circumstances of those cases.  Defendant argues that the claims asserted by Plaintiff here are so frivolous and lacking in evidentiary support as to justify the severe sanction of dismissal.

The Court does not disagree with Defendant's proffered reading of the cases relied on by the Magistrate Judge.  In particular, the courts in those cases did, in fact, recognize their authority to dismiss a suit as a sanction for a Rule 11 violation.  Nonetheless, the decisions in *Safe-Strap* and *Pines of Clarkston* are part of a uniform line of court rulings emphasizing that the sanction of dismissal is disfavored, because the inquiry needed to determine whether dismissal is warranted would entail an assessment of the merits of a suit that is better conducted in the context of a motion to dismiss or for summary judgment.  *See, e.g., Sutakovic v. CG RYC, LLC,* No. 18-20125, 2018 WL 2766206, at *4 (S.D. Fla. June 8, 2018); *In re New Motor Vehicles Canadian Export Antitrust Litigation,* 244 F.R.D. 70, 74 (D. Me. 2007).  *See generally Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S. Ct. 2447, 2456 (1990) ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action."). Thus, when a court is confronted with a Rule 11 motion arguing "that institution of the case itself was improper," the more "sensible practice" is to "defer consideration" of the motion until a later stage of the litigation, in order to "gain a full sense of the case and . . . avoid unnecessary delay of disposition of the case on the merits." *Lichtenstein v.*

4

*Consolidated Services Group, Inc.,* 173 F.3d 17, 23 (1st Cir. 1999); *see also Sutakovic,* 2018 WL 2766206, at *4; *Mitchel v. City of Santa Rosa,* 695 F. Supp.2d 1001, 1013 (N.D. Cal. 2010); *New Motor Vehicles,* 244 F.R.D. at 73-74; Fed. R. Civ. P. 11 advisory committee notes, 1983 amendment ("[I]t is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation.").

Against this backdrop, Defendant's objection boils down to the assertion that Plaintiff's claims lie so far outside the bounds of debatable merit that his suit should be dismissed as a Rule 11 sanction, without the need to test Plaintiff's allegations on the merits through the traditional device of a motion to dismiss or for summary judgment. The Court agrees with the Magistrate Judge, however, that the sanction of dismissal should be reserved for instances of "serious misconduct when lesser sanctions would be ineffective or are unavailable," *Marina Management Services, Inc. v. Vessel My Girls,* 202 F.3d 315, 325 (D.C. Cir. 2000), in order to discourage the use of a Rule 11 motion as a substitute for a challenge governed by the more suitable standards of Fed. R. Civ. P. 12 or 56. To the extent that Defendant contends that the conduct engaged in by Plaintiff here is sufficiently egregious to warrant the harsh sanction of dismissal, the Court finds that this charge cannot be confirmed under the present record, but instead should await resolution later in this litigation once Plaintiff's claims are addressed on the merits. In the meantime, other avenues are available for Defendant to pursue such a merits-based challenge.

Moreover, the Magistrate Judge correctly observes that one of Plaintiff's theories of recovery — *i.e.,* that the phone number called by Defendant's telemarketing representative qualifies as an "emergency telephone line for a law enforcement agency"

or a number "assigned to a radio common carrier service," (First Amended Complaint at ¶ 15) — arguably rests on factual allegations that remain in dispute. (*See* R & R at 6-8.) To be sure, Defendant points out that this theory of recovery is based on calls to a phone number different from the two residential phone numbers identified in Plaintiff's complaint. Yet, this deficiency could be cured through amendment of the complaint — and, indeed, Plaintiff could have amended this pleading as of right if Defendant had filed a Rule 12(b) motion to dismiss in lieu of answering the complaint. Under the limited record here, the Court cannot say that Plaintiff has engaged in serious misconduct that warrants the sanction of dismissal by failing, to date, to amend his complaint to reflect the telephone number evidently called by Defendant's representative.

Accordingly, because Defendant has other means at its disposal to challenge Plaintiff's evidentiary support for his claims and seek the dismissal of this suit, the Court concurs in the Magistrate Judge's recommendation that Defendant's Rule 11 motion should be denied without prejudice as premature. Instead, the issue of Rule 11 sanctions may be revisited later in this litigation, should Defendant wish to pursue it. Nothing in the present ruling, of course, should be construed as expressing the Court's views as to the availability or appropriateness of such sanctions.

### B. Objection No. 2

Defendant's remaining objection to the R & R is more readily resolved. Near the conclusion of the R & R, the Magistrate Judge determined that a portion of Defendant's Rule 11 motion should be denied with prejudice, where Defendant evidently sought the imposition of sanctions based upon Plaintiff's allegedly incomplete and misleading response to a discovery request. (*See* R & R at 6, 14.) Defendant now objects to this

determination, arguing that it does not rely on Plaintiff's incomplete discovery response as a separate ground for Rule 11 sanctions, but instead has cited this discovery response as "additional proof of Plaintiff's dubious behavior" in pursuing this litigation. (Defendant's Objections, Br. in Support at 10-11.)

Upon reviewing Defendant's underlying motion for Rule 11 sanctions, the Court agrees that Defendant has not pointed to Plaintiff's allegedly incomplete discovery response as an independent basis for awarding Rule 11 sanctions. Rather, Defendant cites this discovery response as an "attempt to mislead th[e] Court" that "further demonstrates the frivolous nature of this lawsuit." (Dkt. 9, Defendant's Motion for Rule 11 Sanctions, Br. in Support at 5.) In other words, Defendant maintains that Plaintiff's purportedly misleading discovery response provides additional support for the imposition of Rule 11 sanctions, up to and including dismissal. As explained, the Court finds that the issue of Rule 11 sanctions is not yet ripe for determination, and that Defendant's motion therefore should be denied without prejudice. To the extent that the Magistrate Judge recommends that one aspect of this motion should be denied with prejudice, the Court declines to adopt this recommendation.

### V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Defendant's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Defendant's November 27,

2018 objections (Dkt. 19) to the Magistrate Judge's report and recommendation. In accordance with these rulings, the Court **ADOPTS IN PART** the Magistrate Judge's November 13, 2018 report and recommendation (Dkt. 17), to the extent that the Magistrate Judge recommends that Defendant's motion for Rule 11 sanctions should be denied without prejudice. Finally, in accordance with this recommendation, the Court **DENIES** Defendant's July 11, 2018 motion for Rule 11 sanctions (Dkt. 9), but this denial is without prejudice to Defendant's opportunity to revisit the issue of Rule 11 sanctions at a later date in this litigation.

    **IT IS SO ORDERED.**

Date: March 18, 2019

                                                    s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 18, 2019.

                                                                s/ Kay Doaks
                                                                Case Manager