UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.

ALARM MANAGEMENT II, L.L.C.
d/b/a SONITROL GREAT LAKES,
a Michigan limited liability company,

    Defendant.
_____/

Case No. 2:18-cv-11055

Marianne O. Battani
United States District Judge

R. Steven Whalen
United States Magistrate Judge

**OPINION AND ORDER DENYING MOTION FOR LEAVE
TO AMEND COMPLAINT [ECF NO. 25]**

*Pro se* Plaintiff Mark Dobronski ("Dobronski") initially filed this lawsuit on November 2, 2017 in state court, alleging that Defendant Alarm Management II, LLC d/b/a Sonitrol Great Lakes ("Sonitrol") violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and the Michigan Home Solicitation Sales Act ("MHSA"), M.C.L. §§ 445.111 to 445.117, by placing two telemarketing calls to his residential telephone number in October and November 2017, respectively. ECF No. 28-2. Then, on March 21, 2018, Dobronski filed his "First Amended Complaint" in state court. ECF No. 28-3. On April 2, 2018, Sonitrol removed this matter to federal court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331.

-1-

Before the Court at this time is Dobronski's second motion for leave to amend the complaint, filed over a year after removal. ECF No. 25.[1] For the reasons discussed below, the motion will be DENIED.

## I. FACTS

Dobronski's original five-count complaint in state court alleged that he received two telephone solicitations "on his residential telephone" from Sonitrol on two occasions: at approximately 9:15 a.m. on October 25, 2017 and at approximately 11:15 a.m. on November 1, 2017. ECF No. 28-2, PageID.323; ECF No. 28-2, PageID.324. Dobronski asserted that these two phone calls violated the TCPA and MHSA because they were made to his "residential" telephone numbers. *See* ECF No. 48-2. He alleged that his residential telephone numbers were listed on the national do-not-call registry during the relevant time period. ECF No. 28-2, PageID.322.

On March 21, 2018, Dobronski amended his complaint in state court. The amended complaint was largely identical to the original complaint, except that it identified Dobronski's residential telephone numbers as (734) 424-1212 and (734) 424-2424 and pled, in the alternative, that Sonitrol's calls were placed to a phone number that functions both as an emergency telephone line for a law enforcement agency and as a radio common carrier service. ECF No. 28-3, PageID.328-329.

---

[1] The case was reassigned to me on December 23, 2019, and all pretrial matters were referred to me on January 28, 2020. ECF No. 38.

On May 14, 2019, Dobronski filed the instant motion. ECF No. 25. Dobronski seeks to amend his complaint again, this time to assert that the two telephone calls allegedly placed on October 25 and November 1 to the phone numbers listed above were actually placed to telephone number (734) 641-2300. ECF No. 25, PageID.279-280. Dobronski alleges that this telephone number is assigned to Adrian & Blissfield Rail Road Company ("A&B Railroad"), where he serves as the chief executive officer. *Id.* at PageID.275. Dobronski also says that (1) A&B Railroad is a law enforcement agency; (2) (734) 641-2300 is an emergency line of a law enforcement agency; (3) (734) 641-2300 is the telephone number for A&B Railroad's radio common carrier service; and (4) (734) 641-2300 was listed on the national do-not-call registry during the relevant time period. *Id.*

## II.  STANDARD OF REVIEW

Where the time has passed for a party to amend a pleading under Fed.R.Civ.P. 15(a)(1), then Rule 15(b)(2) provides, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In evaluating a motion to amend, the Court should consider whether there has been undue delay in filing, lack of notice to the opposing party, and undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178 (1962); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995). Delay alone is an insufficient reason to deny a motion for leave to amend; there must also be a showing of

prejudice. *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008)(quoting *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986)). However, "[t]he longer the period of unexplained delay, the less will be required of the nonmoving party to show prejudice." *Minor v. Northville Public Schools*, 605 F.Supp. 1185, 1201 (E.D.Mich.1985).

This court has held that "[a] party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). Consistent with *Foman's* analysis, in *Perkins v. American Elec. Power Fuel Supply*, *Inc.*, 246 F.3d 593, 605 (6th Cir. 2001), the Sixth Circuit listed several factors to consider when deciding whether to allow an amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." The decision "as to when 'justice requires' an amendment is within the discretion of the trial judge . . . ." *Loftis v. United Parcel Service*, *Inc.*, 342 F.3d 509, 513 (6th Cir. 2003) (quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

### III. DISCUSSION

First, there has been undue delay in bringing Dobronski's motion to amend. He filed his initial complaint in state court on November 2, 2017, and his first amended complaint on March 21, 2018. The discovery schedule was amended by stipulation four

times, with a final discovery cut-off date of May 27, 2019. Yet, Dobronski did not file this motion to amend until May 14, 2019, only 13 days before the close of discovery and two days after his deposition.

Why did Dobronski wait until the 11th hour to file this motion? Although one would think that, as the Plaintiff, he would have been aware of what numbers were called, he now disavows the allegation pled in his first amended complaint that the calls were placed to his residential telephone. In any event, Sonitrol correctly points out that since June 2018, Dobronski has repeatedly been provided with evidence that the telephone calls at issue were placed to (734) 641-2300, not his residential numbers. ECF No. 28, PageID.310. For example:

1. On June 14, 2018, Sonitrol served Dobronski with its first set of discovery responses, in which it produced call logs and audio recordings showing that the calls were made to (734) 641-2300. ECF No. 28, PageID.310; *see also* ECF No. 28-6, PageID.370; ECF No. 28-7, PageID.372-373.

2. On June 19, 2018, Sonitrol served Dobronski with a motion for sanctions, in which it set forth the facts establishing that Sonitrol telephoned (734) 641-2300 on two occasions. ECF No. 28, PageID.311; *see also* See ECF No. 9.

3. On July 12, 2018, Dobronski filed his response to Sonitrol's motion for sanctions. ECF No. 28, PageID.311; *see also* ECF No. 10. In his response, Dobronski did not dispute that the telephone calls were placed to (734) 641-2300. ECF No. 28, PageID.311; *see also* ECF No. 10.

4. On April 19, 2019, EAM Staffing ("EAM")[2] served its responses to

---

[2] EAM is Sonitrol's agent. *See* ECF No. 28-12, PageID.392. During the relevant time period, EAM helped Sonitrol recruit salespeople and placed phone calls on Sonitrol's behalf. *Id.*

>    Dobronski's third-party subpoena, which included documents and audio recordings. ECF No. 28, PageID.311. These responses established that EAM called Teletech at (734) 641-2300. *See id.* (citing ECF No. 28-7; ECF No. 29-9; ECF No. 28-10; ECF No. 28-11).
>
> 5.  On April 25, 2019, Dobronski deposed Brandon Malson, a corporate agent for EAM. ECF No. 28, PageID.311; *see also* ECF No. 28-12, PageID.390. Malson testified that EAM called (734) 641-2300. *See* ECF No. 28-12, PageID.402.

Thus, Dobronski has known *at least* since June 2018–more than 11 months before filing the present motion to amend– that the telephone calls at issue were placed to Teletech at (734) 641-2300, not his residential numbers as alleged in the original and first amended complaint. *See* ECF No. 28, PageID.312. . Sonitrol persuasively argues that Dobronski's delay is "especially inexcusable" given that Judge Battani, in her March 18, 2019 Opinion and Order, found that the factual inaccuracies in Dobronski's first amended complaint could have been "cured" through amendment of the complaint. ECF No. 28, pageID.311; *see also* ECF No. 23, PageID.261 (Judge Battani's opinion). Yet Dobronski waited more than two additional months (and only after his own deposition) to file this motion. *See Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001)("Nevertheless, we note that the court only four months earlier gave Plaintiff an opportunity to cure deficiencies in his complaint and Plaintiff declined to do so. Having found that Plaintiff had not shown justification for an amendment to add new claims or new parties to his complaint, the district court did not abuse its discretion in denying the motion to amend."). Last, Sonitrol highlights that Dobronski filed the instant motion only

thirteen days before the end of discovery, ECF No. 29, PageID.298, 311, and two business days after his deposition. ECF No, 28, PageID.298, 311-312.

Furthermore, Sonitrol would be prejudiced if Dobronski were permitted to amend his complaint this late in the litigation. It bears repeating that "[t]he longer the period of unexplained delay, the less will be required of the nonmoving party to show prejudice." *Minor v. Northville Public Schools*, 605 F.Supp. at 1201. In *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), the Sixth Circuit, affirming the district court's order denying a motion to amend, noted that "[t]he plaintiff was obviously aware of the basis of the claim for many months," yet filed the motion after the discovery deadline, and after a dispositive motion had been filed. Apropos to the present case, the Court remarked, "There appears to be no justification for the delay, and the plaintiff proposes none."

It is true that the discovery deadline in this case had not quite expired when Dobronski filed this motion. But the otherwise extraordinary delay must still be weighed against the prejudice to Sonitrol. This motion was filed less than two weeks before the close of discovery, and almost a year after Dobronski unarguably had all the facts necessary to seek an amendment. Dobronski's proposed amendment includes a change in the theory for recovery, i.e. that the recipient of the call was A&B Railroad, a law enforcement entity. This would require significant additional discovery from A&B Railroad, as well as substituting A&B as the real party in interest, and bringing in counsel

for A&B.[3]

## IV. CONCLUSION

For the above reasons, Plaintiff Dobronski's Motion for Leave to Amend Complaint [ECF No. 25] is DENIED.[4]

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: April 17, 2020

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 17, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager

---

[3] Pro se Plaintiff Dobronski cannot represent A&B, a corporation, regardless of whether he is an officer or shareholder of the corporation. "A corporation...must be represented in court by an attorney and may not be represented by an officer." *Wimberly v. enbridge*, 93 F. App'x 22, 23 (6th Cir. 2004)(citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) and *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1979)); *see also United States Sec. and Exch. Comm'n v. Merklinger*, 2009 WL 3498721 (E.D. Mich. 2009) (LLC must be represented by counsel).

[4] Since this motion must be denied under the standards set forth in *Foman* and its progeny, it is not necessary to address Sonitrol's arguments concerning standing and futility at this time.