UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARK W. DOBRONSKI,

    Plaintiff,

v.                                                  Case No. 18-11055

ALARM MANAGEMENT II, L.L.C.,
d/b/a SONITROL GREAT LAKES,

    Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDERING DEFENDANT TO FILE A BILL OF COSTS**

    Plaintiff Mark Dobronski brings this action against Defendant Alarm Management II, L.L.C., for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Michigan Home Solicitation Sales Act ("MHSA"), Mich. Comp. Laws § 445.111, *et seq.* (ECF No. 1, PageID.6-7.) Plaintiff claims Defendant made two calls to his residential telephone, both of which were allegedly on the National Do Not Call Registry.

    Defendant moves for summary judgement arguing it did not call Plaintiff's residential numbers. (ECF No. 53, PageID.718.) Plaintiff has filed a response and Defendant has replied. (ECF No. 58, 59.) The court finds a hearing unnecessary, E.D. Mich. L.R. 7.1(f)(2), and for the reasons provided below, the court will grant Defendant's motion.

## I. BACKGROUND

Plaintiff filed suit on March 21, 2018 in state court, and Defendant removed the action to this court on April 2, 2018. (ECF No. 1, PageID.2; ECF No. 53, PageID.718.) In his complaint, Plaintiff alleges that Defendant made two telephone calls to Plaintiff's residential telephone numbers – (734) 424-1212 and (734) 424-2424 – on October 25, 2017 and November 1, 2017 to "encourage the purchase or rental of a home security system or service." (ECF No.1, PageID.5-.8.) Plaintiff contends that these numbers are on the National Do Not Call Registry and are emergency telephone numbers for a law enforcement agency. (*Id.*, PageID.5-.6.) As a result, Plaintiff asserts the telephone calls violate both the TCPA and the MHSA. (*Id.*, PageID.6-7.)

Defendant provides electronic security equipment and monitoring services. (ECF No. 53, PageID.718.) At times, Defendant will "utilize[] EAM Staffing Solutions, LLC ("EAM"), an independent third-party telemarketing company, to contact prospective commercial clients about using Defendant's equipment and services." (*Id.*, PageID.718-719.) In June 2018, Defendant produced call logs and audio recordings showing the telephone numbers and companies EAM contacted on behalf of Defendant. (*Id.*, PageID.719.) The call logs indicate that EAM never contacted either of the telephone numbers identified in the complaint on the dates in question or at any other time. (*Id.*, PageID.719; ECF No. 53-4, PageID.767.)

On or about October 25, 2017, an EAM representative placed a phone call to Teletech Inc. ("Teletech") at (734) 641-2300 and asked to speak with the Teletech President. (ECF No. 53, PageID.721-722; ECF No. 53-5, PageID.768.) Teletech is a for-profit company owned and operated by Plaintiff and his wife, Susan Dobronski. (ECF

No. 53, PageID.719; ECF No. 53-7, PageID.887.) The audio recordings showed that Plaintiff did not answer the call. A woman answered the phone and stated, "Good afternoon, A&B Railroad." Further, she clarified that the telephone number called was for both the A&B Railroad and Teletech. (ECF No. 53, PageID.722; ECF No. 53-5, PageID.768.) A&B Railroad is another for-profit corporation run by Plaintiff and his wife. (ECF No. 53-8, PageID.889.)

Call logs further show that on November 1, 2017, an EAM representative placed a second call to Teletech at (734) 641-2300. (ECF No. 53, PageID.723; ECF No. 53-5, PageID.768-69.) The audio recording shows the representative asked for Susan Dobronski but was transferred to an individual identified as "Stan," Susan's "executive administrative assistant." (ECF No. 53, PageID.724; ECF No. 53-5, PageID.768-69.) The conversation did not last long; Stan ended the call saying he would "pass the message along." (ECF No. 53-5, PageID.769.) Stan was later determined to be Plaintiff. (ECF No. 53-6, PageID.823.)

At his deposition on May 10, 2019, Plaintiff admitted that Defendant never called the numbers listed in the complaint. (ECF No. 53-6, PageID.821, 823.) He stated the inclusion of the wrong numbers "was an oversight on [his] part." (*Id.*, PageID.821.) On May 14, 2019, Plaintiff moved to amend the complaint. (ECF No. 25.) "Plaintiff sought to amend his allegations to reflect (i) that the phone calls giving rise to his claims were placed to a different number, (734) 641- 2300, than the one identified in his existing complaint, (ii) that this phone number is assigned to Adrian & Blissfield Rail Road Company ("ADBF"), (iii) that ADBF is a law enforcement agency, and (iv) that the

3

number allegedly called by Defendant qualifies as an emergency line of a law enforcement agency." (ECF No. 49, PageID.697.)

The court denied the motion on July 20, 2020. (ECF No. 49.) It found that "Plaintiff's request was unduly delayed and . . . Defendant would be prejudiced if Plaintiff were permitted to amend his complaint." (*Id.*, PageID.696.) In its opinion, the court noted that while the proposed amendments did not advance a new theory of recovery, the suggested allegations were "nowhere to be found in Plaintiff's existing complaint . . . [and] appear for the first time in his proposed amended complaint." (*Id.*, PageID.700.)

On August 28, 2020, Defendant filed a motion for summary judgement and sanctions. (ECF No. 53.) In his response, Plaintiff explains that calls made to his home telephone forward back to his office, allowing Plaintiff to answer his home telephone line at either his home or his office. (ECF No.58, PageID.1067.) Plaintiff agreed that Defendant initiated the telemarketing calls to Plaintiff's place of business and not the residential numbers listed. (*Id.*, PageID.1072-73.)

## II.  STANDARDS

### A.  Summary Judgment

To prevail on a motion for summary judgment, a movant must show—point out—that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). First, the moving party bears the initial burden of presentation that "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no requirement, however, that the moving party "support its motion with [evidence]

negating the opponent's claim." *Id.*; *see also Emp'rs Ins. of Wausau v. Petrol. Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995).

Second, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis removed) (quoting Fed. R. Civ. P. 56(e)). This requires more than a "mere existence of a scintilla of evidence" or "'[t]he mere possibility of a factual dispute." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). For a court to deny summary judgment, "the evidence [must be] such that a reasonable [finder of fact] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. All reasonable inferences from the underlying facts must be drawn "in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015).

### B. Sanctions

"By presenting to the court a pleading . . . [an] unrepresented party certifies that to the best of the person's knowledge . . . [the] claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument." Fed. R. Civ. P. 11(b)(2). An unrepresented party also certifies that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Sanctions are appropriate if "the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c)(1). "A sanction . . . must be limited to what suffices to

5

deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

The decision to award Rule 11 sanctions is within the discretion of the court. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992). A court should consider "whether an individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997). Courts use an objective standard of what a reasonable attorney would have done. *In re Triple S Restaurants, Inc.*, 519 F.3d 575, 579 (6th Cir. 2008). A party or attorney's good-faith belief in the merits of a case is not enough to avoid Rule 11 sanctions. *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003).

Courts consider several factors when deciding whether sanctions are warranted. These factors include "[w]hether the improper conduct was willful, or negligent; . . . whether it infected the entire pleading, or only one particular count or defense; . . . what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

### III. DISCUSSION

#### A. Summary Judgement

The record demonstrates there is no evidence to support Plaintiff's allegations. The complaint alleges Defendant called Plaintiff's residential phone numbers – (734) 424-1212 and (734) 424-2424 – on October 25, 2017 and November 1, 2017. (ECF No.

6

1, PageID.6-7.) Both parties agree that the telephone numbers (734) 424-1212 and (734) 424-2424 were not called by Defendant on October 25, 2017 or November 1, 2017. (ECF No. 53, PageID.727-28; ECF No. 53-6, PageID.821; ECF No.58, PageID.1072.) Defendant points to substantial evidence showing that Plaintiff never called the telephone numbers listed in the complaint. (ECF No. 53.) The call logs from EAM clearly show that Defendant, through a third-party representative, contacted Teletech at the (734) 641-2300 telephone number and not those listed in the complaint. (ECF No. 53.) Plaintiff admitted this at his deposition. He "accept[ed] that the calls went to 2300, and not 1212 or 2424." (ECF No. 53-6, PageID.821.)

Plaintiff has not come forward with specific facts showing there is a genuine issue for trial, and as a matter of law, Plaintiff has no claim under the TCPA or the MHSA. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. The facts indisputably show that Defendant never called the numbers Plaintiff alleges in his complaint, and summary judgment is warranted. Fed. R. Civ. P. 56(a).

Plaintiff argues that he was not required to include the telephone numbers Defendant called in his complaint. (ECF No. 58, PageID.1076-77.) He also claims the complaint put Defendant on notice as to the nature of the dispute. (*Id.*) Thus, according to Plaintiff, Defendant was not prejudiced by the inclusion of the wrong numbers. (*Id.*) However, Plaintiff presented similar arguments when he moved to amend his complaint in May 2019. (ECF No. 25.) The court reviewed and rejected the assertions, reasoning that Plaintiff knew since June 2018 the numbers in the complaint were wrong. (ECF No. 49, PageID.698.) Further, allowing Plaintiff to replace the numbers "would trigger a need to pursue discovery from and regarding [the commercial] entity [Defendant called] . . .

7

[which] previously had no apparent connection to the claims in this case." (*Id.*, PageID.700.) The court declined the allow Plaintiff to amend his complaint specifically because it would materially alter the direction and focus of the litigation. Plaintiff cannot rehash the same arguments previously rejected by the court and successfully contend summary judgment is not justified.

## B.  Sanctions

Plaintiff's conduct was objectively unreasonable under the circumstances. *Union Planters Bank*, 115 F.3d at 384. The evidence clearly indicates that Defendant never called the residential telephone numbers Plaintiff listed in the complaint. This assertion, devoid of facts, was central to Plaintiff's claims and infected the entirety of the pleadings. Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Plaintiff also wrongly inflicted significant time and cost on Defendant. *Id.* The case was initiated in March 2018, and Defendant was forced to participate in discovery and dispositive motion practice. This was despite Plaintiff knowing since June 2018 that the numbers in the complaint were incorrect and since July 2020 that amendments to the complaint would not be permitted. (*See* ECF No. 49, PageID.698, 701.) The suit could have been voluntarily terminated as early as the spring of 2018, but was not.

In June 2018, at the beginning of this case, Defendant moved for Rule 11 arguing it never called Plaintiff's residential numbers. (ECF No. 9, PageID.60.) In November 2018, the court denied the request, reasoning Rule 11 sanctions were premature. (ECF No. 17, PageID.200.) But even at that early stage, Plaintiff "[did] not contest that [Defendant] did not call the two residential phone numbers." (*Id.*, PageID.192; *see also* ECF No. 10, PageID.118-19, Plaintiff's July 12, 2018, Response

8

to Defendant's Motion for Sanctions.) Plaintiff was made aware that the court may "revisit the issue of Rule 11 sanctions," (ECF No. 17, PageID.200), but did not move to amend his complaint for another six months and continued to litigate allegations he had acknowledged were inaccurate.

Furthermore, Plaintiff, while appearing *pro se*, is trained in the law. He previously served as a judge in Arizona. (ECF No. 53-11, PageID.971.) Plaintiff is deemed to have had the legal knowledge to be aware that his claims were unsubstantiated, and that continued litigation would impose unnecessary burdens and costs. Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

Plaintiff has a "continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11." *Runfola & Ass., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996) (quotations removed); *see also Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 628-29 (6th Cir. 2010) (affirming Rule 11 sanctions where assertions in a complaint were factually baseless and the errors could have been discovered with reasonable inquiry). Yet, for two and a half years, Plaintiff has advanced allegations that are undeniably lacking in evidentiary support, in violation of Rule 11(b)(3). By alleging Defendant made telephonic communications that did not exist, Plaintiff's claims under the TCPA and the MHSA were also not "warranted by existing law" under Rule 11(b)(2), and Plaintiff should have known it. "The principal goal of Rule 11 sanctions is deterrence." *Orlett*, 954 F.2d at 419. The court finds that sanctions are needed to deter similar violations of Rule 11 by Plaintiff and other litigants.

The court will order Defendant to file a bill of costs and account for the reasonable expenses, including attorney's fees, it incurred in litigating this suit. Plaintiff will be given the opportunity to respond to Defendant's calculation of costs.

## IV. CONCLUSION

The record shows that Defendant did not call the telephone numbers listed in the complaint, and Plaintiff fails to present a genuine question of material fact. Fed. R. Civ. P. 56(a). Given the factual baselessness of this suit, sanctions are appropriate. Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment (ECF No. 53) is GRANTED.

IT IS FURTHER ORDERED that Defendant file a bill of costs by **November 23, 2020**. Plaintiff may file a brief responsive to Defendant's calculation of costs by **November 30, 2020**.

                                                s/Robert H. Cleland            /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  November 18, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 18, 2020, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                  /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-11055.DOBRONSKI.MotionforSummaryJudgement.LD.RMK.RHC.2.docx